**Olva McCOY et al.,**
**Plaintiffs-Respondents,**

v.

**R. B. POTASHNICK CONSTRUCTION COMPANY, a corporation,**
**Defendant-Appellant.**

**No. 9957.**

Missouri Court of Appeals,
Springfield District.

July 16, 1976.

James E. Reeves, Ward & Reeves, Caruthersville, for plaintiffs-respondents.

Manuel Drumm, Drumm & Stamp, Sikeston, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

In this court-tried case for crop loss to plaintiffs by reason of the defendant's ob-

struction of a natural watercourse, the Circuit Court of New Madrid County found the issues in favor of the plaintiffs and awarded them damages. In this appeal the defendant contends there was no evidence he was guilty of a trespass, there was no evidence he was negligent, and the award of damages exceeded the prayer of plaintiffs' petition. We affirm.

Defendant, under a contract with the State Highway Commission for a proposed highway bridge approach, constructed an earth embankment across a natural watercourse which provided drainage for surface and river overflow waters on lands owned and rented by plaintiffs. The watercourse, with a definite and visible channel and sides, ran from near the center of plaintiffs' farm in a southerly direction and discharged some distance away into the Mississippi River.

Defendant constructed the embankment in 1972 by pumping silt and soil from the nearby river. The embankment crossed the natural watercourse at the south end of the plaintiffs' land. Adjacent to the embankment the defendant constructed a service road and dug a ditch alongside the road. He installed a metal culvert and concrete box to afford drainage under the service road and through the embankment. The culvert and box were located near the center of the natural watercourse.

Although plaintiffs' land is what is commonly referred to as "overflow lands", crops had never been lost or failed to be planted because of water. The land could be cultivated in seven to ten days after having been covered with water and drained via the watercourse.

In early 1973 the river overflowed plaintiffs' farm, and when it returned to its banks, the embankment had washed and shifted some to the south. Silt and soil from the embankment filled and obstructed the artificial drains [culvert and box], as well as the natural watercourse. Waters on the plaintiffs' farm were impounded by reason of this obstruction and could not drain because there was no other outlet. This condition remained unchanged from early July until sometime in September when defendant, following a re-negotiation of his contract with the Highway Commission, opened up the watercourse.

■ The scope of our review in this jury-waived case is governed by Rule 73.01, V.A. M.R., as delineated by our Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Thus, the judgment is to be affirmed (1) unless there is no substantial evidence to support it, (2) unless it is against the weight of the evidence, (3) unless it erroneously declares the law, or (4) unless it erroneously applies the law.

■ We have read the transcript in its entirety and viewed the exhibits filed with us. We are of the opinion that there is substantial evidence to support the judgment of the lower court. It is beyond question that the embankment was erected across the natural watercourse and its resultant erosion and shifting deposited silt and soil into the natural drainway, blocking and obstructing it in such a fashion that waters were impounded on plaintiffs' farm and thereby prevented the lands from being planted during the 1973 crop year. The amount of damages awarded plaintiffs is supported by the evidence heard, without objection, by the trial court and did not exceed the total amount of damages claimed by plaintiffs.

The trial court correctly applied the law as set forth in our recent opinion of *Dudley Special Road District of Stoddard County v. Harrison*, 517 S.W.2d 170 (Mo.App.1974). That case and others cited therein declare that whether the impounding of waters is intentional or accidental, and whether the overflow is caused by negligence or without negligence, the agency causing the overflow of a natural watercourse to the damage of adjacent property owners is liable for its misfeasance in an action of trespass.

We need not undertake to decide whether the defendant was also guilty of actionable negligence in failing and refusing to provide an outlet for the impounded waters while he was negotiating with the Highway Commission for additional compensation.

We conclude that a detailed opinion would have no precedential value and affirm the trial court's judgment pursuant to Rule 84.16(b).

All concur.